UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

IN RE:                                                             Case No: 8:10-bk-

LEN HAI LO,
                 Debtor(s)
_____/

## CHAPTER 13 PLAN

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan, as modified by the Bankruptcy Court, may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim. Payments distributed by the Trustee, as herein provided or as modified by the Court, are subject to the availability of funds.

PLAN PAYMENTS AND LENGTH OF PLAN: The projected disposable income of the Debtor(s) is submitted to the supervision and control of the Trustee. The Debtor(s) shall pay the Trustee by Money Order of Cashiers Check following the filing of this Chapter 13 Plan the sum of $ 113.00 for 36 months, or longer to a maximum of 60 months. Each pre-confirmation plan payment shall include, other than regular ongoing mortgage payments, all adequate protection payments made pursuant to Section 1326(a)(1)(C).

CLAIMS GENERALLY: The amounts listed for claims in this Plan are based upon Debtors' best estimate and belief. The Trustee shall only make payment to creditors with filed and allowed Proof of Claims. An allowed Proof of Claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation, according to the limitations set forth in the Court's Order Establishing Duties.

ADMINISTRATIVE CLAIMS: Trustee will pay in full allowed administrative claims and expenses pursuant to Section 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim_____

TRUSTEE FEES: Trustee shall receive a fee for each disbursement, the percentage of which is fixed periodically by the United States Trustee.

### ATTORNEYS FEES FOR DEBTOR'S COUNSEL PAID IN PLAN:

| Total Amount of Attorneys' Fees | Amount Paid Through Plan |
|---|---|
| $3,600.00 | $2,375.00<br>(Paid $ 197.91 x 12/mo through plan) |

PRIORITY CLAIMS:

(A) Domestic Support Obligations: Debtor(s) are required to pay all post-petition domestic support obligations directly to the holder of the claim. Unless otherwise specified in this Plan, the following priority claims under 11 U.S.C. Sec. 507(a)(1), domestic support obligations, will be paid in full pursuant to 11 U.S.C. Sec 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

| Name of Creditor | Total Est. Claim | Estimated Payment |
|---|---|---|
| N/A | | |

Pursuant to Sec 507(a)(1)(B) and Sec 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit, and/or not assigned to said entity for the purpose of collection.

Claimant and Proposed Treatment:
N/A

B. Other Priority Claims (e.g., tax claims): These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| Name of Creditor | Total Est. Claim | Estimated Payment |
|---|---|---|
| N/A | | |

SECURED CLAIMS:

Pre-Confirmation Adequate Protection Payments: No later than 30 days after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor(s) shall make the following adequate protection payments to creditors pursuant to Sec 1326(a)(1)(C). If the Debtor(s) makes such adequate protection payments on allowed claims to the Trustee pending confirmation of the Plan, the creditor shall have an administrative lien on such payments(s), subject to objection. If Debtor(s) elects to make such adequate protection payments directly to the creditor, and such creditor is not otherwise paid through the Plan, upon confirmation said claims shall be neither dealt with nor affected by the Plan as confirmed.

| Name of Creditor | Total Est Claim | Adq. Protection Payment |
|---|---|---|
| Bank of America/BAC | $140,974.00 | Pay outside the Plan |

(A) Claims Secured by Real Property Which Debtor(s) Intends to Retain/Arrearage Paid Through the Plan: Debtor(s) will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the pre-petition arrearages on the following mortgage claims:

Name of Creditor/Security         Total Est Claim              Estimated Payment
N/A

  (B) Claims to Which Sec 506 Valuation is <u>NOT</u> Applicable: Debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. Upon confirmation of the Plan, the interest rate and value shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds. Upon timely written objection filed by a creditor, the Debtor(s) may elect to surrender the property to creditor in full satisfaction of the value of the collateral indicated in the creditor's claim.

Name of Creditor/Security      Ad Prot Pmt In Plan/Value     Int. Rate – Total to be Pd
N/A

  (C) Claims to Which Sec 506 Valuation is Applicable:

Name of Creditor/Security      Ad Prot Pmt In Plan/Value     Int. Rate – Total to be Pd
N/A

  (D) Secured Claims on Personal Property – Balance Including any Arrearage Paid in Plan:

Name of Creditor/Security      Est. Amount   Value     Int. Rate     Total to be Pd
N/A

  Surrender of Collateral: Debtor(s) will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Upon Plan confirmation, the Automatic Stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

Name of Creditor                                    Collateral to be Surrendered

| Name of Creditor | Collateral to be Surrendered |
|---|---|
| Bank of America | Real property: 331 Destine Circle<br>San Jose, CA |

<u>SECURED – LIENS TO BE AVOIDED:</u>
Name of Creditor/Security                           Estimated Amount

| Name of Creditor/Security | Estimated Amount |
|---|---|
| Third Federal (2nd Mtg) | $ 147,000.00 |

<u>LEASES/EXECUTORY CONTRACTS:</u>
Name of Creditor/Security         Assume/Reject            Estimated Arrears

OTHER CREDITORS PAID IN FULL IN PLAN:

Name of Creditor/Description            Estimated Amount

N/A

**UNSECURED CREDITORS:** Unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan.

### PLAN SUMMARY

Priority:

Secured:

Attorney's Fees:

| | |
|---|---:|
| David L Del Vecchio, Esquire | $ 2,375.00 |
| (Paid $ 197.91 x 12/mo through plan) | |
| Pro-rata distribution to unsecured creditors | 4,000.00 |
| Sub Total | 6,375.00 |
| Trustee's Fee | 414.00 |
| Total | $ 6,789.00 |

Plan Payments: $ 113.00 x 60 months = $ 6,780.00

Pre Confirmation Payments are: $113.00

OTHER PROVISIONS:

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

2. Payments made to any creditor shall be the amount allowed in a Proof of Claim filed by the creditor or other amount as may be allowed by a specific Order of the Bankruptcy Court.

3. Property of the estate shall not vest in Debtor(s) until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

Dated: 5-28-2010                      _[signature]_
                                                       Debtor